UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

ANTHONY ALCARAZ,

                Plaintiff,

-against-

Police Officer STEVEN KENNEDY, Shield No. 4017; Police Officer WILLIAM SVENSTROP, Shield No. 8986; Sergeant RUDOLPHO REGA, Shield No. 4431; JOHN and JANE DOE 4 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

11 CV 5231 (WHP)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Anthony Alcaraz ("plaintiff" or "Mr. Alcaraz"), a Hispanic male, is a resident of New York County in the City and State of New York.

7.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.     Defendant Police Officer Steven Kennedy, Shield No. 4017 ("Kennedy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kennedy is sued in his individual and official capacities.

9.     Defendant Police Officer William Svenstrop, Shield No. 8986 ("Svenstrop"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Svenstrop is sued in his individual and official capacities.

10.    Defendant Sergeant Rudolpho Rega, Shield No. 4431 ("Rega"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rega is sued in his individual and official capacities.

11. At all times relevant defendants John and Jane Doe 4 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 4 through 10.

12. At all times relevant herein, defendants John and Jane Doe 4 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 4 through 10 are sued in their individual and official capacities.

13. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

14. At approximately 4:30 p.m. on February 8, 2011, plaintiff was lawfully exiting a corner grocery store located at East 3rd Street and Avenue D, in New York, New York.

15. As plaintiff left the store, one of the defendant officers called plaintiff a "punk."

16. Plaintiff walked past the officers.

17. The officers then pursued plaintiff and threw him against a gate.

18. The officers had no reason to suspect that plaintiff was concealing

contraband or involved in criminal activity.

19. The officers then conducted an unlawful search of plaintiff and his belongings.

20. Plaintiff was then arrested and taken to a police precinct.

21. At the precinct the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff engaging in disorderly conduct and prepared police paperwork and other documents to that effect.

22. Plaintiff had not committed any offense.

23. Plaintiff was then taken to Brooklyn Central Booking.

24. At arraignment, plaintiff was released on his own recognizance after being charged with disorderly conduct.

25. The criminal charges against plaintiff were ultimately adjourned in contemplation of dismissal on May 9, 2011.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### 42 U.S.C. § 1983

27.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28.     Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States.

29.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

30.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

32.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:    December 16, 2011
          New York, New York

HARVIS & SALEEM LLP

_____
Gabriel P. Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@harvisandsaleem.com

*Attorney for plaintiff*